UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
            *Plaintiff-Appellee,*

v.                                                        No. 03-4009

ROBERT EUGENE MCCOLLUM,
            *Defendant-Appellant.*

Appeal from the United States District Court
for the Western District of Virginia, at Roanoke.
Samuel G. Wilson, Chief District Judge.
(CR-97-17)

Submitted: May 19, 2003

Decided: June 2, 2003

Before WILLIAMS, MOTZ, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Lance M. Hale, LANCE M. HALE & ASSOCIATES, Roanoke, Virginia, for Appellant. John Brownlee, United States Attorney, Anthony P. Giorno, Assistant United States Attorney, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robert McCollum appeals from the judgment of the district court revoking his supervised release term and imposing a sentence of eighteen months, to be followed by forty-two months on supervised release. Based on evidence presented at a hearing on a petition to revoke McCollum's supervised release, the district court found that McCollum had possessed marijuana, a controlled substance. Possession of a controlled substance constitutes a Grade A supervised release violation. On appeal, McCollum contends that the evidence did not establish that he possessed the marijuana. We affirm.

At the revocation proceeding, a detective testified that a search warrant for McCollum's apartment was executed on November 15, 2002. Officers found a gallon-sized food storage bag under a pillow on the only bed in the apartment. The bag contained approximately eleven ounces of marijuana, an amount typically kept not for personal use, but for redistribution. Also in the bedroom were numerous plastic sandwich bags. McCollum was the only resident of the apartment, which had its own entrance.

On appeal, McCollum states that, while on supervised release, he never tested positive for a controlled substance. Further, he directs our attention to testimony that his uncle, who lived upstairs from McCollum's apartment, told officers conducting the search that he had some unidentified property stored in McCollum's apartment. The district court had this evidence before it and concluded that the preponderance of the evidence supported a finding that the marijuana belonged to McCollum.

This court reviews a district court's decision to revoke a supervised release term for abuse of discretion. *United States v. Copley*, 978 F.2d 829, 831 (4th Cir. 1992). The district court need only find a violation of a condition of release by a preponderance of the evidence. 18 U.S.C. § 3583(e)(3) (2000). Revocation of supervised release is mandatory if the defendant possesses a controlled substance. 18 U.S.C. § 3583(g) (2000). Here, because the weight of the evidence was more than sufficient to establish by a preponderance of the evidence that

McCollum possessed the bag of marijuana, we find no abuse of discretion in the revocation of supervised release.

We accordingly affirm. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not significantly aid the decisional process.

*AFFIRMED*